UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHELEY LEN HOKANSON, | Case No.: 3:24-cv-00490-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| NHP SGT. BRIAN CAVANAUGH, et al., | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names the following defendants: Nevada Highway Patrol (NHP) Sgt. Brian Cavanaugh, NHP Trooper A. Marenco, NHP Trooper T. Bonds, NHP Trooper D. Rehese, NHP Sgt. R. Nivarel, NHP Investigator M. Graham, NHP Trooper J. Farley, NHP Investigator Cerniglia, NHP Major Roth, NHP Major Simpson, NHP Lt. A. Granata, NHP Doe #1, Churchill County Sheriff's Office (CCSO) Captain Anthony Hollister, CCSO Sgt. Mike Davis, CCSO Deputy Noel Ugalde, CCSO Sgt. B. Kufalk, CCSO Richard Hickox, Doe #1, Doe #2, Jesus Augustin Mariezcurenna (owner and operator of Welsco Drilling Corp.).

Plaintiff brings suit pursuant to 42 U.S.C. § 1983 and asserts that her rights under the Second, Fourth, Fifth and Fourteenth Amendments have been violated.

Plaintiff's allegations stem from a tragic incident that occurred on October 23, 2022, when her daughter, Jessica Len Gomez, was killed when she was involved in an automobile crash with a drilling rig driven by Jesus Augustin Mariezcurenna.

Plaintiff asserts that her rights were violated when: (1) various NHP and CCSO officials colluded and conspired to conceal the true cause of the collision[1]; (2) NHP and CCSO officials did not give her the decedent's property from the scene of the accident[2]; and (3) NHP and CCSO officials wrongfully confiscated Plaintiff's firearm from her vehicle after Plaintiff had arrived on the scene of the accident and did not return it to her for fourteen months.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants

---

[1] Authorities apparently concluded that the cause was a blown tire and no criminal charges were brought against Mr. Mariezcurenna, but Plaintiff maintains that Mr. Mariezcurenna was knowingly driving on a rusted and rotten tire, and this was the true cause of the collision.

[2] The property includes jewelry Plaintiff claims was stored in a pouch in a guitar case that was in the decedent's vehicle at the time of the accident.

must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

Preliminarily, to comply with Federal Rule of Civil Procedure 8, a complaint should clearly and fully set forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. Each allegation of a pleading should be simple, concise, and direct. Plaintiff's complaint is not simple, concise or direct. Instead, the allegations are set forth in a stream of consciousness-type format, with significant repetition, and it is unclear *who* is being sued for *what* particular violation of a particular constitutional right.

Next, with respect to her claim that law enforcement conspired to conceal the true cause of the accident, the court finds Plaintiff fails to state a cognizable claim for relief. To prevail on a claim for conspiracy to violate one's constitutional rights under 42 U.S.C. § 1983, the plaintiff must show specific facts to support the existence of the claimed conspiracy. *Karim-Panahi* v. *Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). The elements of a conspiracy claim brought under section 1983 are: (1) an agreement or meeting of the minds to violate constitutional rights, and (2) an actual deprivation of those rights resulting from the alleged conspiracy. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *see also Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (internal quotation marks and citation omitted).

Plaintiff does not allege the specific participants in the alleged conspiracy, but instead lists a host of CCSO and NHP officials as defendants without detailing their particular involvement. She does not allege facts to plausibly suggest an agreement or meeting of the minds

1  to violate her rights. Nor is it clear what specific constitutional rights were violated or how they
2  were violated. Conclusory allegations of conspiracy are not sufficient to support a claim under
3  section 1983. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Olsen v. Idaho*
4  *State Bd. Of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) ("the plaintiff must state specific facts
5  to support the existence of the claimed conspiracy").
6        Second, insofar as Plaintiff alleges that her rights were violated when she was not given
7  the decedent's property or that the decedent's property was not properly safeguarded during the
8  accident investigation, she fails to state a claim. Plaintiff does not include specific allegations to
9  demonstrate she has standing to assert a claim related to the decedent's property. Moreover, it is
10 unclear which of the many defendants named in the complaint is responsible for the alleged
11 confiscation of the decedent's property.
12       Finally, the court will address Plaintiff's claim that her rights were violated when
13 authorities confiscated her firearm for a period of 14 months. Plaintiff includes various
14 statements about the confiscation of her firearm from the scene of the accident, but she does not
15 clearly allege who confiscated her firearm, and who was responsible for its continued
16 confiscation for fourteen months.
17       Plaintiff's complaint will be dismissed, but she will be given leave to amend. Any
18 amended complaint must comply with Rule 8 and contain a short and plain statement of the
19 claim showing she is entitled to relief. She must include factual allegations demonstrating *each*
20 named defendant's involvement in the alleged violation of her rights, and what rights she claims
21 were violated. Defendants for whom there are no allegations connecting them to the alleged
22 violation of rights will be dismissed.
23 ///

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: June 25, 2025

Craig S. Denney
United States Magistrate Judge