UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHELEY LEN HOKANSON,

Plaintiff,

v.

BRIAN CAVANAUGH, et al.,

Defendants.

Case No. 3:24-cv-490-ART-CSD

ORDER
(ECF Nos. 16, 17, 19, 22, 23,
24/25/26, 27, 28, 29/30, 32, 38)

*Pro se* Plaintiff Cheley Len Hokanson's daughter tragically lost her life in a motor vehicle accident. Ms. Hokanson sues the other party to the crash and law enforcement officers for alleged misconduct in their response. (ECF No. 11.) Magistrate Judge Craig Denney recommends allowing to proceed some of Ms. Hokanson's claims for unlawful seizure and retention of her property in violation of the Fourth Amendment and the parallel provision of the state constitution. (ECF No. 16.) Ms. Hokanson has submitted both an objection to Judge Denney's Report and Recommendation ("R&R") and a motion for leave to file a Second Amended Complaint ("SAC"). The Court partially adopts the R&R, filing the FAC and denying Ms. Hokanson's motion for leave to file a SAC as moot with leave to refile. The Court denies Defendants' motion to dismiss (ECF No. 32), which renders moot Ms. Hokanson's motion for sur-reply in opposition to that motion. (ECF No. 38.) Finally, the Court grants Ms. Hokanson's motion for leave to file a late notice of a related state proceeding. (ECF No. 23.)

## I.       Allegations in the FAC

Ms. Hokanson alleges the following in her FAC. (ECF No. 11.) Although these are only allegations at this stage in the proceedings, they are accepted as true for

1

the purpose of screening her complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

On October 23, 2022, Ms. Hokanson's daughter Jessica Len Gomez was tragically killed in a crash on U.S. Route 50. The other party to the accident was Jesus Augustin Mariezcurenna, who was driving a drilling rig.

Officers from the Nevada Highway Patrol and the Churchill County Sheriff's Office arrived at the scene. Several NHP officers investigated Ms. Gomez's vehicle for marijuana and alcohol, and checked the condition of her tires. NHP officers took personal property from her daughter's vehicle, threw some of it on the highway, misappropriated some of the rest, and failed to document what was at the scene.

When Ms. Hokanson arrived, officers physically blocked her from the scene with their police cruisers. While Ms. Hokanson was reasonably distraught, officers' subsequent reports about the encounter characterized her as a "mental subject" and erroneously stated that she drove through a police roadblock to get there. Officer Marenco, who was "acting under the supervision and with the approval of Defendant Sgt. Cavanaugh," approached Ms. Hokanson's vehicle and asked for her firearm while Sgt. Cavanaugh and another officer "took cover behind a patrol vehicle." Feeling like she had no choice, Ms. Hokanson turned over her gun. The officers had no warrant for it. Sgt. Cavanaugh said that if anyone asked, NHP was not involved in the seizure and it was county Captain "Hollister's choice." Officers failed to file some of the required reports and, in the ones that were filed, recorded the serial number of her gun incorrectly. Based on the incorrect serial number, they then claimed that a prolonged investigation with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") was required. The defendants retained the gun for fourteen months. It was returned on December 5, 2023, after the ATF found no issues.

At the scene of the crash, NHP Sgt. Cavanaugh called Mr. Mariezcurenna by a nickname, knew the name of his business, and displayed this familiarity to other officers. Despite body-warn camera footage showing that Mr. Mariezcurenna's drilling rig had seven mismatched tires, officers did not inspect his tires. Mr. Mariezcurenna subsequently tested positive for THC, was cited for a federal tire-separation violation in connection with the accident, and had and continued to incur a history of dangerous moving violations. Ms. Hokanson alleges that the NHP and the county kept irregular reports of the crash and citation records, and overlooked issues with his rig's license plates. NHP Officer Marenco told the press that Ms. Hokanson's daughter was "a local off the rez," while Mr. Mariezcurenna had "half a dozen of these rigs running up and down the highway," suggesting that he was a prominent business owner.

Mr. Mariezcurenna told Ms. Hokanson that he would pay for her daughter's funeral. Two weeks later, he claimed not to know her or know her daughter's name, and upon being reminded said "I told you people to call the church!" before hanging up the phone.

When Ms. Hokanson attempted to obtain records regarding the crash, supervisors at the NHP told her she was abusing the records division staff, that her only intent was to disparage the NHP, and that it would be a "category E felony" for her to record a call with them. She says that she filed a formal complaint with the Nevada State Police Office of Professional Responsibility ("OPR"), which opened an internal affairs investigation naming Sgt. Cavanaugh as one of the subjects. After Sgt. Cavanaugh was promoted to lieutenant commander, giving him authority over the OPR, the investigation was closed.

Ms. Hokanson sues Mr. Mariezcurenna and a host of NHP and county officers, alleging unlawful seizure under the Fourth Amendment, deprivation of property without due process under the Fourteenth Amendment, unreasonable seizure in

3

violation of Article 1 Section 18 of the Nevada Constitution, civil conspiracy, conversion, intentional infliction of emotional distress, negligence and gross negligence, and denial of equal protection under the Fourteenth Amendment.

The many pending motions in this case can be divided into four groups. The preliminary question is whether NHP defendants' motion to dismiss should be granted, mooting all other pending matters in this case. If it is not granted, then the Court will proceed to adjudicate all other motions. The second group of motions relates to the R&R screening the FAC and Ms. Hokanson's objections to it. The third group of motions relate to the SAC and opposition to it. Fourth and finally, Ms. Hokanson has filed one miscellaneous motion for leave to file late notice of a related state proceeding.

## II.       Motion to Dismiss

It is an undisputed fact that NHP defendants have not been served. Federal Rule of Civil Procedure 4(m) provides that an action against a defendant "must" be dismissed without prejudice if a defendant is not served within 90 days after the complaint is filed. "In cases where a court is required to screen a complaint before it may be served, it is generally accepted that the service deadline prescribed by Rule 4(m) does not begin to run until the date the court authorizes service of the complaint." *Grant v. Borges*, No. EDCV210899VBFPVC, 2022 WL 19300690, at *7–8 (C.D. Cal. Dec. 12, 2022) (collecting cases), *report and recommendation adopted*, No. EDCV2100899VBFPVC, 2023 WL 2699968 (C.D. Cal. Mar. 28, 2023; *see Robinson v. Clipse*, 602 F.3d 605, 609 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996). Typically, these are cases where the plaintiff proceeds *in forma pauperis. Id*; *see* 28 U.S.C. 1915(e)(2)(B)(ii).

NHP Defendants argue that because the First Amended Complaint was filed on September 15, 2025, under Plaintiff had until December 14, 2025 to serve.

(ECF No. 32.) NHP Defendants move to dismiss for failure to effect service. (*Id.*) Plaintiff responds in relevant part that the FAC has not been screened, the Court has not yet ordered service, and the 90-day clock has not begun to run. (ECF No. 36.)

Because service is not overdue, the Court denies the motion to dismiss. The 90-day clock for service of process had not even begun to run at the time when NHP Defendants moved to dismiss. Ms. Hokanson is proceeding *in forma pauperis*, she must wait until the Court screens her complaint before it may be served, and the Court had not authorized service of the complaint until issuance of this order. NHP Defendants rely on *Carrasco v. U.S. Gov't*, No. C06-5084RJB, 2007 WL 764712 (W.D. Wash. Mar. 9, 2007), a*ff'd sub nom. Carrasco v. United States*, 292 F. App'x 610 (9th Cir. 2008), in which a district court dismissed the case where an *in forma pauperis* plaintiff failed to serve the defendants. That case is distinguishable because that plaintiff had been ordered to serve the defendants and had not done so. *Id.* at \*1. Here, to the contrary, Judge Denney told Ms. Hokanson that "service must be completed within 90 days of the date of [] any order adopting this Report and Recommendation" (ECF No. 16 at 17), and the Court issued no such order until this one.

Having denied the motion to dismiss, the Court will address the remaining pending motions.

### III.      Screening the FAC

Because Ms. Hokanson is proceeding *in forma pauperis,* her complaint must be screened. The R&R recommends that certain claims proceed, namely, the claims that NHP Officer Marenco unlawfully seized her gun and that county Officers Davis, Kufalk, and Maynez unlawfully retained it in violation of the Fourth Amendment and the Nevada State Constitution. The R&R recommends dismissing all other claims for pleading omissions or lack of jurisdiction. Ms.

5

Hokanson has filed a host of motions in response to the R&R. (ECF Nos. 17/19, 22, 24/25/26.) These include duplicate motions to extend the time to object (ECF Nos. 17, 19), a partial objection (ECF No. 21), a preliminary motion to strike that partial objection (ECF No. 22), and a motion for leave to file a corrected objection with a finalized request to strike the partial objection (ECF No. 24/25/26). In light of Plaintiff's *pro se* status, the Court grants her motions to extend time and motions to strike related to the R&R, and now considers the R&R in view of her objection at ECF No. 24-1/25-1/26-1.

### A. Legal Standard

According to the statute governing proceedings *in forma pauperis* proceedings, "the court shall dismiss the case at any time if the court determines that … the action… fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "[F]ormulaic recitation of the elements of a cause of action" does not suffice to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

This Court now reviews Judge Denney's R&R under the Federal Magistrates Act, which provides that a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and

recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Since both the statute and Supreme Court precedent indicate that review should be made with respect to specific issues placed into controversy by the objection, district courts have concluded that only the objected-to portions of the R&R must be reviewed. *See, e.g., Fuller v. Lopez*, No. CV1905818PHXDWLCDB, 2021 WL 321234, at *3 (D. Ariz. Feb. 1, 2021) (citing S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018)).

A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The district court may still review the portions of the R&R not subject to an objection if it chooses, as nothing "preclude[s] further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Id.* at 154.

**B. Discussion**

In her final objection at ECF No. 24-1/25-1/26-1, Ms. Hokanson objects to two portions of the R&R. First, she argues that the FAC sufficiently states an unlawful seizure claim in Count 1 and 3 against Sgt. Cavanaugh because it pleads facts showing that he was aware of and did not prevent Officer Marenco from violating her rights. Ms. Hokanson's interpretation of the facts alleged in the complaint is persuasive, and her Fourth Amendment claim against Sgt. Cavanaugh will be allowed to proceed. On the same theory, the Court will also allow her Count 4 claim of a civil conspiracy between Sgt. Cavanaugh and Officer Marenco to proceed. Second, Ms. Hokanson argues that the FAC's sufficiently pleads in Count 8 that the defendants racially discriminated against her in violation of her right to equal protection. Following the R&R, this claim will be dismissed with leave to amend.

### 1. Unlawful Seizure and Retention

A defendant is liable for constitutional violations under Section 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Id.*  Ms. Hokanson must therefore allege that Sgt. Cavanaugh participated in, directed, or acquiesced to an unreasonable seizure in violation of the Fourth Amendment. A seizure includes "a meaningful interference with an individual's possessory interest in [his] property." *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) (citation and quotation marks omitted); *see also United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Subject to "only a few specifically established and well delineated exceptions," a seizure conducted without a warrant is unreasonable. *Brewster*, 859 F.3d at 1196 (citation omitted). The burden is on the Government to persuade the district court that a seizure comes under one of the exceptions to the warrant requirement. *United States v. Huguez–Ibarra*, 954 F.2d 546, 551 (9th Cir.1992).

The R&R recommends dismissing the Fourth Amendment unlawful seizure claim against Sgt. Cavanaugh in Count 1. The R&R states that Ms. Hokanson has not alleged that Sgt. Cavanaugh personally seized the firearm but rather makes a "conclusory statement" that Sgt. Cavanaugh was supervising Marenco and approved of his actions.

Ms. Hokanson objects that she has pleaded facts showing Sgt. Cavanaugh's direct involvement. First, she alleges in the FAC that Sgt. Cavanaugh took cover behind a patrol vehicle when Officer Marenco took the firearm because he was aware of what Officer Marenco was doing and believed that there was an element of risk. Second, she alleges that Sgt. Cavanaugh stated that if anyone asked, NHP

was not involved with the seizure of the firearm and it was county Captain "Hollister's choice" to seize it.

Ms. Hokanson has stated a claim sufficient to hold Sgt. Cavanaugh liable for his involvement in the seizure of the firearm. The facts alleged in the FAC indicate that Sgt. Cavanaugh personally participated in the seizure because he knew of Officer Marenco's actions and failed to prevent them. Sgt. Cavanagh's tactical cover behind a patrol vehicle reflects his awareness that Officer Marenco seized the firearm. His statement that it was not NHP's choice, but rather the County's choice to seize the firearm, suggests that he was also aware that the seizure of the firearm was conducted without a warrant and unreasonable. Regardless, Sgt. Cavanaugh did not act to prevent Officer Marenco from seizing the firearm. Pleading that Sgt. Cavanaugh knew of his subordinate's unconstitutional act and failed to prevent it is enough to plead his personal involvement. *Taylor*, 880 F.2d at 1045.

### *2.* **Equal Protection Claim Against Sgt. Cavanaugh and Officers Marenco, Bonds, and Nivarel**

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall … deny to any person within its jurisdiction the equal protection of the laws." Equal protection is "essentially a direction that all persons similarly situated be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). As noted in the R&R, to state an equal protection violation, a plaintiff must "plead facts that plausibly show that a defendant's conduct had a discriminatory effect and was motivated by a discriminatory purpose." *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1153 (9th Cir. 2007). As with other Section 1983 claims, there is no vicarious liability for an equal protection violation. *See Taylor*, 880 F.2d at 1045. A "supervisor's mere awareness of the discriminatory effects of his or her actions or inaction does not

state a claim of unconstitutional discrimination." *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011).

The R&R recommends dismissal of the Fourteenth Amendment equal protection claim in Count 8 because Ms. Hokanson has not pleaded that officers' actions had a discriminatory effect or discriminatory purpose. While Ms. Hokanson alleges that officials treated the investigation into her daughter's death differently from investigations involving other similarly situated individuals, the FAC does not allege how or why. Her claim of discriminatory intent "appears to be based on a single comment to a reporter that the decedent 'was a local off the rez,'" which on its own does not establish animus. (ECF No. 16 at 15.)

Ms. Hokanson argues that Officer Marenco's statement that her daughter was "a local off the rez" shows animus because Defendants constructed a narrative that her daughter was a less important person than Mr. Mariezcurenna, a business owner with "half a dozen of these rigs running up and down the highway." She says that the officers' discriminatory motive is further shown by the fact that they were friendly with Mr. Mariezcurenna, they failed to investigate his role in the crash, they created or allowed recordkeeping anomalies that had the effect of concealing his dangerous driving, and they obstructed her attempts to seek records.

Ms. Hokanson has not sufficiently pleaded facts that show that unequal treatment occurred on the basis of race. With regard to the discriminatory effect of the Defendants' actions, Ms. Hokanson says that the investigation into her daughter's death was handled differently from investigations involving similarly situated individuals. However, mere recitations of the legal standard do not suffice to state a claim. *Twombly*, 550 U.S. at 555. As stated in the R&R, the complaint must plead facts that explain *how* the investigation into Ms. Hokanson's daughter's death was treated differently, and with what results. *Cf.*

*United States v. Armstrong*, 517 U.S. 456, 465 (1996) With regard to discriminatory motive, the FAC does not plead enough facts to show that her allegations of racial animus should proceed. Officer Marenco's comment that Ms. Hokanson's daughter was "a local off the rez" may not have been intended to be racially pejorative, although additional facts about context, tone, or a pattern of racially coded remarks may show that it likely was. Ms. Hokanson also pleads that Defendants exhibited favoritism towards Mr. Mariezcurenna, and under the facts in the FAC, favoritism could be a sufficient explanation for the alleged misconduct.  Furthermore, Plaintiff has not pleaded any facts showing racial animus on the parts of Sgt. Cavanaugh, Officer Bonds and Officer Nivarel. There is no vicarious liability in Section 1983 cases. *Taylor*, 880 F.2d at 1045.

The R&R recommends dismissing Ms. Hokanson's equal protection claim without leave to amend because she has attempted to plead it twice without success. Ms. Hokanson's failures to plead equal protection may be due to her status as a *pro se* plaintiff, rather than the weakness of the claim. The claim will be dismissed without prejudice and with leave to amend.

### 3. Other Claims

Only the recommendations that Ms. Hokanson contests are reviewed de novo. Some of the R&R's recommendations with respect to Counts 1, 2, 3, 4, 5, 6, and 7 are uncontested. The R&R recommends allowing the FAC to proceed with the unlawful seizure claims against Officer Marenco under the Fourth Amendment in Count 1 and the parallel clause of the state constitution in Count 3. As for the prolonged retention claim in Count 2, the R&R recommends dismissing it with prejudice insofar as it is brought under the Fourteenth Amendment, *Hudson v. Palmer*, 468 U.S. 517, 531-32 (1984), and allowing it under the Fourth Amendment against county Officers Davis, Kufalk, and Maynez only, who are said to have written up reports on the firearm listing a false serial number. The

Court agrees with these unobjected-to conclusions. The R&R further recommends dismissing Plaintiff's state law tort claims in Counts 5, 6, and 7 without prejudice. The Court agrees that they should be dismissed for jurisdictional reasons, and without prejudice so that they may be raised in state court.

Although review is not required, a court is permitted to review the unobjected-to portions of an R&R. *Thomas*, 474 U.S. at 149. The R&R recommends dismissing without prejudice the civil conspiracy claim in Count 4 because the FAC fails to plead facts showing that Defendants agreed or otherwise engaged in concerted action to deprive Ms. Hokanson of her rights. The Court concludes differently. The FAC pleads that Sgt. Cavanaugh was involved in Officer Marenco's purportedly unlawful seizure of Ms. Hokanson's gun, which suffices to state a claim for civil conspiracy.

"To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). "The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage." *Mendocino Env't Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (cleaned up). "To be liable, each participant need not know the exact details of the plain, but each participant must at least share the common objective of the conspiracy." *Crowe*, 608 F.3d at 440. "Conspiracy is not itself a constitutional tort under § 1983." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012). Conspiracy may "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation...." *Id.* But "[i]t does

not enlarge the nature of the claims asserted by the plaintiff," so "there must always be an underlying constitutional violation." *Id.* And the failure to state a colorable underlying constitutional violation is fatal to a conspiracy claim based on the same allegations. *Avalos v. Baca,* 595 F.3d 583, 592 (9th Cir. 2010).

Ms. Hokanson has properly pleaded that at least two of the Defendants agreed or entered a meeting of the minds to cause a violation of her rights against unlawful seizure of her property. Under the facts pleaded in the FAC, it is indeed plausible that Sgt. Cavanaugh knew of and acquiesced to Officer Marenco's seizure of Ms. Hokanson's gun. *Cf. Johnson v. Slave-Noose*, No. 322CV00290ARTCSD, 2023 WL 2877135, at *4 (D. Nev. Jan. 12, 2023) (A *pro se* plaintiff may state a claim for civil conspiracy where they allege that Defendants acted together in depriving them of their constitutional rights). The holding *supra,* Section III.B.1, that Ms. Hokanson has properly pleaded that Sgt. Cavanaugh knew of and failed to prevent Officer Marenco's seizure of the gun compels this conclusion. Sgt. Cavanaugh not only took cover when Officer Marenco seized the gun, but also stated latter that the choice to seize it was, if anyone asked, Captain "Hollister's choice," suggesting that he was aware that Ms. Hokanson suffered a deprivation and wished to deflect responsibility.

The Court adopts the R&R's conclusion that Ms. Hokanson has not stated a claim for civil conspiracy against Officers Davis, Kufalk, and Maynez based on the prolonged retention of her firearm. This claim is based on the defendants' incorrect notation of the gun's serial number, which led to a lengthy investigation. Ms. Hokanson has not pleaded facts that make it sufficiently likely that these officers shared the "common objective of the conspiracy." *Crowe*, 608 F.3d at 440. The fact that all of the officers listed the same incorrect serial number in their reports may suggest that they copied the number from each other's reports or from another common source in ignorance. It does not necessarily imply an

13

agreement or meeting of the minds to cause a prolonged investigation and deprive Ms. Hokanson of her property.

**IV.        Motion for Leave to File a Second Amended Complaint**

In addition to objecting to the R&R and filing related motions, Ms. Hokanson moved for leave to file a Second Amended Complaint ("SAC") and join another Plaintiff. (ECF Nos. 27, 28, 29/30.) NHP Defendants opposed the revised motion for leave to amend the complaint (ECF No. 32) on the basis that amendment would be futile, arguing that Ms. Hokanson had failed to meet the deadline for service of process. (ECF No. 32.) Ms. Hokanson filed a motion for sur-reply with additional points and authorities. (ECF No. 38.)

Ms. Hokanson's motion for leave to file an SAC is premature, and is denied as moot with leave to refile. Ms. Hokanson filed this motion before the screening of her FAC was complete. No order had been entered on which claims proceeded, which were dismissed with leave to amend, and which were dismissed without leave to amend. Ms. Hokanson was on notice that the proper time to file a motion to allow an SAC was after the entry of the order screening the FAC. (ECF No. 16 at 15) ("Plaintiff should be given 30 days from the date of any order adopting this Report and Recommendation to file a second amended complaint.")

This order adopts the R&R's recommendation that Ms. Hokanson receive 30 days to properly file her SAC. In her SAC, Ms. Hokanson may bring claims revised pursuant to the guidance in this order and the R&R, as well as new claims. These include, but are not limited to claims against Churchill County, claims alleging the unreasonable or warrant-less deprivation of property other than the firearm, and viable claims on behalf of a new plaintiff. She is further reminded that she should not re-plead her state claims in this Court. Ms. Hokanson may not re-plead claims where she has not been granted leave to amend.

14

## V.       Motion for Leave to File Late Notice of Related State Proceeding

Ms. Hokanson has filed a notice of proceedings in state court that relate to the same incident, referring to Local Rule 5-1. (ECF No. 23.) But Local Rule 5-1 is about proof of service, and does not refer to similar state court proceedings.

The Court therefore construes her notice as a motion for judicial notice. Pursuant to Federal Rule of Evidence 201, courts may take judicial notice of matters of public record, but not of facts that may be subject to reasonable dispute. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The Court takes judicial notice of the existence of *Hokanson v. Davis. et al.*, No. 2024-10-DC-1173 (Nev. 10th Jud. Dist. Oct. 24, 2024), and the related appeal before the Nevada Supreme Court, *Hokanson v. Sheriff et al.*, No. 91945 (Nev. Jan. 13, 2026).

## VI.       Conclusion

IT IS THEREFORE ORDERED that Nevada Highway Patrol Defendants' motion to dismiss is DENIED. (ECF No. 32).

IT IS FURTHER ORDERED that Ms. Hokanson's motion for sur-reply to the aforementioned motion to dismiss is DENIED AS MOOT. (ECF No. 38.)

IT IS FURTHER ORDERED that all motions related to the R&R screening Plaintiff's FAC are GRANTED. (ECF Nos. 17, 19, 22, 24/25/26.)

The Clerk of Court is kindly directed to file Plaintiff's objection at ECF No. 24-1/25-1/26-1.

IT IS FURTHER ORDERED that the R&R screening Plaintiff's First Amended Complaint is ADOPTED IN PART. (ECF No. 16.)

The Fourth Amendment unlawful seizure claim in Count 1 proceeds against Defendants A. Marenco and Brian Cavanaugh. Parallel claims against Defendants A. Marenco and Brian Cavanaugh under Article 1, Section 18 of the Nevada Constitution in Count 3 also proceed.

The prolonged retention claim in Count 2 is construed as a Fourth Amendment claim and proceeds against Defendants Mike Davis, B. Kufalk, and Rudy Maynez. As against Defendants A. Marenco, Brian Cavanaugh, Anthony Hollister, and Noel Ugalde, it is dismissed without prejudice and with leave to amend.

The civil conspiracy claim in Count 4 proceeds against Defendants A. Marenco and Brian Cavanaugh with respect to the seizure of Plaintiff's firearm. In all other respects, it is dismissed without prejudice and with leave to amend.

Plaintiff's state law tort claims in Counts 5, 6, and 7 are dismissed without prejudice so that they may be raised in state court, and without leave to amend in this forum.

Plaintiff's Fourteenth Amendment equal protection claim in Count 8 is dismissed without prejudice and with leave to amend.

The Clerk of Court is directed to issue summonses for the Defendants against whom claims are proceeding, and to deliver these to the U.S. Marshal for service.

The Clerk is also directed to send sufficient copies of the FAC and this Order to the U.S. Marshal for service on the Defendants.

The Clerk is also directed to send to Plaintiff USM-285 forms for each of the Defendants against whom claims are proceeding. Plaintiff has 21 days within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Plaintiff will receive from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, and if any of the defendants were not served. If Plaintiff wants service to be attempted again, she must file within 20 days of receiving the U.S. Marshal's confirmation a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the date of this order. If Plaintiff requires additional time to meet any of the deadlines set by the court, she must file a motion for extension of time under Local Rule 1A 6-1 before the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

IT IS FURTHER ORDERED that Plaintiff has 30 days from the date of this order to file an amended complaint curing the defects identified in this order. Leave to amend is only granted to restate the claims for which Plaintiff has been allowed to proceed and to attempt to assert the claims that have been dismissed without prejudice. Any defendants, claims or allegations not included in the second amended complaint will not carry forward in this action. A failure to timely file a second amended complaint will result in this action proceeding as set forth in the screening of the FAC.

IT IS FURTHER ORDERED that Plaintiff's pending motions to file a Second Amended Complaint and add an additional plaintiff are DENIED AS MOOT. (ECF Nos. 27, 28, 29/30.)

IT IS FURTHER ORDERED that Ms. Hokanson's motion for leave to file a late notice of a related state proceeding is construed as a motion for judicial notice and GRANTED. (ECF No. 23.)

DATED: June 17, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

17